MOBIL OIL CORPORATION, Appellant in No. 81–2582, Appellee in No. 81–2583,

v.

INDEPENDENT OIL WORKERS UNION, affiliated with the Oil, Chemical and Atomic Workers International Union, AFL–CIO, Local 8–831, Appellee in No. 81–2582, Appellant in No. 81–2583.

Nos. 81–2582, 81–2583.

United States Court of Appeals, Third Circuit.

Argued April 12, 1982.

Decided May 18, 1982.

---

Lawrence S. Coburn (argued), Pepper, Hamilton & Scheetz, Philadelphia, Pa., for Mobil Oil Corp.

Gary L. Borger, Cherry Hill, N. J., Jonathan Walters (argued), Kirschner, Walters & Willig, Philadelphia, Pa., for Independent Oil Workers Union, Local 8–831.

Before SEITZ, Chief Judge, ADAMS, Circuit Judge, and STAPLETON,* District Judge.

## OPINION OF THE COURT

SEITZ, Chief Judge.

Mobil Oil Corporation appeals from the district court's order enforcing an arbitrator's award of conditional reinstatement of an employee whom Mobil discharged. Independent Oil Workers Union, Local 8–831 appeals from the district court's order denying its request for costs and attorneys' fees. This court has jurisdiction pursuant to 28 U.S.C. § 1291 (1976).

### I.

Article X of the collective bargaining agreement between Mobil and Local 8–831 reserved to Mobil the right to discharge an employee "for cause." On December 3, 1979, Mobil discharged Dominic Licciardello, an employee at its refinery in Paulsboro, New Jersey. Local 8–831 filed a grievance on behalf of Licciardello, arguing that he had been discharged without cause and that he should be reinstated with full back pay. The parties could not resolve the grievance, and the Union submitted the matter to arbitration pursuant to the arbitration provisions of the collective bargaining agreement. On the initial day of the arbitration hearing, counsel stipulated that the issue to be decided by the arbitrator was: "Did the Company have cause on December 3, 1979 to discharge Dominic Licciardello . . . ?"

The arbitrator found that Licciardello had fought on the job and had a poor work record. The arbitrator stated that he "normally would have no hesitation in sustaining a discharge where [such behavior had been established]." The arbitrator did not, however, uphold the discharge. He found that Licciardello had suffered from a "severe mental disorder" during the period just before his discharge and that he had been hospitalized for six weeks following his discharge. The arbitrator found that Licciardello's belief that he was a prime suspect in an FBI investigation into the theft of oil had contributed to his mental disorder. Prior to discharge, however, Mobil did not know of Licciardello's mental disorder.

The arbitrator concluded that under the circumstances Mobil did not have cause to discharge Licciardello and ordered conditional reinstatement without back pay. Mobil refused to reinstate Licciardello and sought to vacate the award in federal district court. Local 8–831 filed a counterclaim seeking enforcement of the award. The district court granted Local 8–831's motion for summary judgment, but denied its request for costs and attorneys' fees. Both parties appeal.

### II.

Mobil argues that: (1) the award should be vacated because the arbitrator exceeded the scope of his authority as defined by the collective bargaining agreement and by the issue submitted to him by the parties; and (2) the arbitrator dispensed his own brand of industrial justice in violation of the agreement. Local 8–831 argues that the award was rationally derived from the collective bargaining agreement and thus should be enforced.

### A.

We first consider whether we should defer to an arbitrator's definition of the submitted issue.

* Honorable Walter K. Stapleton, United States District Judge for the District of Delaware, sitting by designation.

■ Federal courts do not ordinarily review de novo the merits of an arbitration award where the parties have agreed to be bound by an arbitrator's decision. *See United Steelworkers v. American Manufacturing Co.*, 363 U.S. 564, 567–68, 80 S.Ct. 1343, 1346, 4 L.Ed.2d 1403 (1960). There are, however, limitations to the judicial deference given an arbitrator's decision. An arbitrator's award must draw its essence from the collective bargaining agreement, and an arbitrator must not exceed his authority and dispense his own brand of industrial justice. *See United Steelworkers v. Enterprise Wheel & Car Corp.*, 363 U.S. 593, 597, 80 S.Ct. 1358, 1361, 4 L.Ed.2d 1424 (1960). This court has emphasized that federal court review of an arbitrator's award is extremely narrow, however, and if the arbitrator's "interpretation [of the meaning of the collective bargaining agreement] can in any rational way be derived from the agreement," courts must enforce the award. *Ludwig Honold Mfg. Co. v. Fletcher*, 405 F.2d 1123, 1128 (3d Cir. 1969).

■ The scope of an arbitrator's authority is limited to the issue that the parties submit for him to decide. *See, e.g., Textile Workers Union, Local 1386 v. American Thread Co.*, 291 F.2d 894, 896 (4th Cir. 1961). That rule, however, does not indicate the standard by which federal courts should review the arbitrator's determination of his authority as defined by the submitted issue. There are several reasons why we believe that the deference that is accorded to an arbitrator's interpretation of the collective bargaining agreement should also be accorded to an arbitrator's interpretation of the issue submitted.

First, plenary judicial review of arbitration submissions undermines the congressional policy in favor of expeditious and relatively inexpensive means of settling grievances, and thus of promoting labor peace. Second, a failure to defer to the arbitrator's interpretation of the submission would in some cases be inconsistent with deference to the arbitrator's interpretation of the agreement. This is so because a collective bargaining agreement merely constitutes a promise to arbitrate, *see Piggly Wiggly Operators' Warehouse, Inc. v. Piggly Wiggly Operators' Warehouse Independent Truck Drivers Union, Local No. 1*, 611 F.2d 580, 583 (5th Cir. 1980), and once the parties have gone beyond their promise to arbitrate and have supplemented the agreement by defining the issue to be submitted to an arbitrator, courts must look both to the contract and to the submission to determine his authority, *see Washington-Baltimore Newspaper Guild, Local 35 v. The Washington Post Co.*, 442 F.2d 1234, 1236 (D.C.Cir.1971). For example, when an arbitrator determines what a contractual phrase, such as "cause," in a submission means, the arbitrator's determination must be informed by what that word was intended to mean in the contract. Thus, interpretation of the submission will likely involve consideration of the same issues as a review of the merits. Finally, a deferential standard obviates the burden that would rest upon the judiciary if it were required to determine, case by case, the exact scope of submission in the endless number of grievances and disputes that inevitably occur between employers and employees.[1]

1. We believe that language in other cases supports our conclusion that great deference must be accorded the arbitrator's interpretation of the submission. *See, e.g., Enterprise Wheel*, 363 U.S. at 598, 80 S.Ct. at 1361; *IAM, District 776 v. Texas Steel Co.*, 639 F.2d 279, 283 (5th Cir. 1981); *Waverly Mineral Prods. Co. v. United Steelworkers, Local No. 8290*, 633 F.2d 682, 685–86 (5th Cir. 1980) (quoting *John Wiley & Sons, Inc. v. Livingston*, 376 U.S. 543, 557, 84 S.Ct. 909, 918, 11 L.Ed.2d 898 (1964) ); *Kurt Orban Co. v. Angeles Metal Systems*, 573 F.2d 739, 740–41 (2d Cir. 1978); *Local 453, IUE v. Otis Elevator Co.*, 314 F.2d 25, 28 (2d Cir.), cert. denied, 373 U.S. 949, 83 S.Ct. 1680, 10 L.Ed.2d 705 (1963); *Textile Workers Union, Local Union 1386 v. American Thread Co.*, 291 F.2d 894, 896–97 (4th Cir. 1961); *Cole v. United Steelworkers, Local No. 4407*, 441 F.Supp. 1346, 1350 (M.D.Pa.1977), aff'd mem., 588 F.2d 819, 822 (3d Cir. 1978); *International Ladies' Garment Workers' Union, Local No. 111 v. DeeVille Blouse Co.*, 486 F.Supp. 1253, 1258 (E.D.Pa.1980); *Keystone Printed Specialties Co. v. Scranton Printing Pressmen Union No. 119*, 386 F.Supp. 416, 422–23 (M.D.Pa.1974), aff'd mem., 517 F.2d 1398 (3d Cir. 1975); *Newark Wire Cloth Co. v. United Steelworkers*, 339

## B.

The issue submitted to the arbitrator was whether Mobil had cause on December 3, 1979 to discharge Licciardello. Mobil contends that this submission limited the arbitrator's authority to the application of article X of the collective bargaining agreement to those facts within Mobil's knowledge on December 3. Mobil maintains that the question answered by the arbitrator was not the question submitted, but whether, considering all medical and social data available at the time of the hearing, Licciardello's discharge was fair to him. Mobil's argument, then, is that the arbitrator exceeded his power when he relied upon post-discharge medical evidence not within Mobil's knowledge on December 3 to conclude that Mobil, even though it had acted in good faith in discharging Licciardello, did not have cause to discharge him.

■ We believe that the language of the submission is not as clearly restrictive as Mobil suggests. The arbitrator read the parties' submission to pose the question: "Was Mobil's decision to discharge Licciardello on December 3, 1979 justified by 'cause'?" He interpreted "cause" in turn to mean "objective" cause and inquired whether the discharge was justified in light of all the circumstances relevant to the employee's job performance, rather than only those factors known to Mobil at the time. Whether this reading is more or less persuasive than Mobil's, we cannot say that it was beyond the arbitrator's authority. Whether "just cause," in the contract and in the submission, limited the arbitrator to evidence of what Mobil knew at the time of discharge is not apparent from the contract, and the extra words "on December 3" in the submission do not so obviously restrict the arbitrator to a subjective standard that any other reading would be "so palpably faulty that no judge, or group of judges, could ever conceivably have made such a ruling." *Safeway Stores v. American Bakery Workers Local 111*, 390 F.2d 79, 82 (5th

F.Supp. 1207, 1209–12 (D.N.J.1972); *Shahmoon Industries, Inc. v. United Steelworkers*, 263 F.Supp. 10, 14 (D.N.J.1966). *But see Retail*

Cir. 1968). Thus, we believe that the arbitrator's interpretation of the issue he was to decide did not exceed his authority as granted by the submission and the collective bargaining agreement.

■ Alternatively, Mobil argues that an arbitrator may not rely upon post-discharge evidence when determining whether a company had cause for discharging an employee. Mobil argues that the district court's opinion in *American Honda Motor Co. v. Local 585, UAW*, No. 79–1231, slip op. at 3 (E.D.Pa. July 20, 1979), *aff'd mem.*, 615 F.2d 1352 (3d Cir. 1980), stands for the proposition that, when blameworthy conduct for a discharge is established, a finding of "no cause" for that discharge by an arbitrator cannot be based upon evidence not known to the employer at the time of the discharge. We do not read *American Honda* so broadly. We believe that *American Honda* stands only for the narrow proposition that an arbitrator may not rely on an employee's subsequent rehabilitation to order reinstatement. Once we have decided that the arbitrator did not exceed his authority under the submission and under the collective bargaining agreement by adopting an objective standard for determining "cause" at the time of the discharge, it is not a great leap to defer to the arbitrator's decision to consider all evidence that might indicate whether Mobil had "cause" on December 3, whether or not Mobil was aware of the evidence on that date.

## C.

■ Mobil also argues that the arbitrator dispensed his own brand of industrial justice in violation of the agreement. Article X of the collective bargaining agreement specifies that Mobil shall have the right to suspend or discharge any employee for cause. The arbitrator found that Mobil had a plant rule against fighting and that its established practice was to discharge an employee for such conduct. From this, Mobil asserts that, in light of the arbitrator's

*Store Employees Union, Local 782 v. Sav-On Groceries*, 508 F.2d 500, 503 (10th Cir. 1975).

own findings of behavior justifying discharge, it is evident that he found that Mobil had "cause" to terminate Licciardello, but determined that discharge was inappropriate given Licciardello's mental problems that were diagnosed after the discharge. In refusing to uphold the discharge, the arbitrator substituted his own sense of equity for that of Mobil by conditionally reinstating Licciardello without back pay. To allow an arbitrator to usurp Mobil's power to discharge and to ignore the parties' express limitations on his authority by merely expressing his own sense of discipline in the rubric of a "cause" determination would render Mobil's right to discharge for cause meaningless. Thus, Mobil contends, this court should reverse the district court's order enforcing the arbitrator's award.

The short answer to Mobil's contentions is that Mobil agreed to leave to an arbitrator the resolution of disputes whether cause existed for the discharge of any employee represented by Local 8–831. The arbitrator has ruled, and Mobil is bound by that award. Mobil's conjectures as to how the arbitrator made his decision are certainly not unreasonable, but it is also permissible to read the arbitrator's opinion as simply stating that there was no cause for discharge on December 3 in light of all relevant facts. Like the district court, we believe this latter interpretation of the award is permissible and, because we must presume that an arbitrator does not exceed his authority until he clearly "manifests an infidelity" to the intent of the parties as embodied in the collective bargaining agreement, see Enterprise Wheel, 363 U.S. at 597, 80 S.Ct. at 1361, the latter interpretation of the award is also preferable. See id. at 598, 80 S.Ct. at 1361 ("[W]e see no reason to assume that this arbitrator has

abused the trust the parties confided in him and has not stayed within the areas marked out for his consideration."); Arco-Polymers, Inc. v. Local 8–74, Oil Workers International Union, 671 F.2d 752, 756 (3d Cir. 1982) (per curiam) (that the arbitrator's opinion is subject to two interpretations should not cause a court to refuse to enforce the award). Thus, we cannot say that the arbitrator dispensed his own brand of industrial justice in violation of the agreement. As the court stated in Amoco Oil Co. v. Oil Workers International Union, Local 7–1, 548 F.2d 1288 (7th Cir.), cert. denied, 431 U.S. 905, 97 S.Ct. 1697, 52 L.Ed.2d 389 (1977):

> [T]he thrust of [the arbitrator's] opinion is that although the Company acted in compliance with the knowledge in its possession and without unseemly motive in dismissing [the grievant], such discharge occurred without just cause since the arbitrator remained unpersuaded that [the grievant] was implicated in any wrongdoing which warranted his termination, according to the contract. The Company's good faith cannot substitute for the just cause requirement. The salient issue, whether just cause supported the company's decision, albeit made in good faith, was resolved adversely to the Company. This judgment is within the sphere of arbitral authority contemplated by the parties' contract, which accords the arbitrator the authority to review Company determinations regarding just cause, and therefore must be enforced by this court.

548 F.2d at 1294 (citation omitted).[2]

The district court was therefore correct in ordering enforcement of the arbitration award.

---

**2.** Mobil argues that *Amoco* does not support enforcement of the arbitrator's award. The arbitrator in *Amoco* first noted that unauthorized possession of company property was "just cause" for dismissal and then addressed whether the grievant had engaged in the prohibited conduct. In answering that question, which Mobil asserts was a legitimate object of arbitration inquiry, the arbitrator relied upon all information available at the time of the hearing to decide whether grievant had engaged in the

prohibited conduct. Mobil argues that here the post-discharge evidence was considered in an inquiry into *why* Licciardello engaged in the prohibited conduct, a question that was not before the arbitrator. We do not believe, however, that the cases are so distinguishable when, as the district court concluded, the arbitrator used the post-discharge evidence to determine cause on December 3, the question submitted.

### III.

Local 8–831 argues that the district court abused its discretion in refusing to award costs and attorneys' fees against Mobil. Mobil's challenge, according to Local 8–831, was without any justification, because it raised issues appropriate only for the arbitrator. Mobil argues that we should affirm the district court's denial of costs and attorneys' fees to Local 8–831, because the court did not abuse its discretion in finding that Mobil maintained its challenges to the award in good faith.

The district court's refusal to award attorneys' fees may be reversed on appeal only if determined to be an abuse of discretion. *See IAM, District 776 v. Texas Steel Co.*, 639 F.2d 279, 283 (5th Cir. 1981). Under the American rule, each party normally must bear the burden of its own legal expenses, including attorneys' fees. One of the narrow exceptions to this rule is a finding that the losing party litigated in bad faith, vexatiously, or for oppressive reasons. *See, e.g., Straub v. Vaisman & Co.*, 540 F.2d 591, 600 (3d Cir. 1976). Thus, the issue before us is whether the district court abused its discretion in specifically finding that Mobil did not demonstrate bad faith in conducting this litigation.

Although the district court decided against Mobil, it stated that "my review of the matter has not persuaded me that Mobil's position is so lacking in merit that costs and attorney's fees should be [imposed] against it." Several facts support the court's conclusion. First, Mobil acted promptly to effect a vacation of the arbitrator's award, thus demonstrating its good faith belief in the strength of the arguments it advanced. Second, there is no indication that Mobil has a history of refusing to comply with arbitration awards. Third, Mobil presented a substantial legal issue, which Local 8–831 and two federal courts have addressed in detail. We thus cannot say that the district court abused its discretion in deciding that Mobil proceeded in good faith.

Local 8–831 argues that *Texas Steel*, 639 F.2d at 283–84, stands for the proposition that, where the objection of a company to an award does not address an arbitrator's jurisdiction but rather is an attack upon the merits of the dispute, such an attack is a refusal without justification to abide by the arbitration award. Certainly an attack on the merits may be a factor that supports awarding attorneys' fees to the defendant of an award under certain circumstances. Nevertheless, because challenges to the enforcement of an award are not easily characterized as jurisdictional or on the merits, we will not limit the district courts' exercise of discretion to award fees by reference only to that one factor.

### IV.

The order of the district court will be affirmed.

ADAMS, Circuit Judge, concurring in the result.

The result reached by the arbitrator in this matter is troubling. As the arbitrator recognized, Mobil discharged Licciardello for fighting with other Mobil employees, and did so out of an understandable concern with maintaining discipline and safety at its facilities. Moreover, the arbitrator strongly suggested that Mobil, at the time of the discharge, had no reason to believe that Licciardello's conduct was in any way excusable. *See* Arbitrator's opinion at 11, Appendix at 118. Nevertheless, the arbitrator concluded that Mobil lacked "cause" for the dismissal because a psychiatrist's report subsequently revealed that Licciardello had been suffering from an emotional disorder deemed by the arbitrator to be exculpatory.

Although I have difficulty accepting both the reasoning and the conclusion of the arbitrator, the federal courts have been admonished that it is not the role of a reviewing tribunal to substitute its judgment for that of the arbitrator charged with interpreting the collective bargaining agreement. *See United Steelworkers v. Enter-*

*prise Wheel & Car Corp.*, 363 U.S. 593, 596, 80 S.Ct. 1358, 1360, 4 L.Ed.2d 1424 (1960). It is true that even under this standard, an arbitrator is not permitted to exceed the scope of the parties' submission to him or her. *See id.* at 597, 80 S.Ct. at 1361. In this case, however, as the majority's opinion suggests, the arbitrator's decision may be seen as applying an expansive interpretation to the contractual term "cause" and not enlarging the submission itself. Under the deferential standard of review adopted by this Court, *see Arco-Polymers, Inc. v. Local 8–74*, 671 F.2d 752, 755 (3d Cir. 1982); *Ludwig Honold Mfg. Co. v. Fletcher*, 405 F.2d 1123, 1125 (3d Cir. 1969), the arbitrator's contractual interpretation must in this case be accepted. I therefore reluctantly concur in the result reached by the majority.