AMERICAN LA FRANCE, A DIVISION OF FIGGIE INTERNATIONAL, INC., Plaintiff,

v.

INTERNATIONAL ASSOCIATION OF MACHINISTS & AEROSPACE WORKERS LOCAL LODGE NO. 421, Defendant.

No. CIV–82–617T.

United States District Court, W.D. New York.

Jan. 4, 1983.

Hodgson, Russ, Andrews, Woods & Goodyear, Buffalo, N.Y., for plaintiff; Karl W. Kristoff, Buffalo, N.Y., of counsel.

Lipsitz, Green, Fahringer, Roll, Schuller & James, Buffalo, N.Y., for defendant; Stuart M. Pohl, Buffalo, N.Y., of counsel.

MEMORANDUM DECISION and ORDER

TELESCA, District Judge.

On January 27, 1982, two employees of the American La France Company exchanged words while they were working at their jobs in the welding department. One employee (Fuller) allegedly called the other employee (Shellard) a "puke" following which Shellard chased Fuller, caught him and assaulted him. As a result of this assault, the Company fired Shellard. At the time of the incident there was a collective bargaining agreement in existence between the Company and the Union which provided for the resolution of certain disputes between the parties. One of the provisions of the contract exclusively reserved to the Company the "right to hire, discipline, suspend, or discharge for proper cause * * * provided that such managerial functions will not be used for the purpose of discrimination against any employee because of membership in the Union." Contract, Article 6 Section 1. Pursuant to this grant of authority, the Company had promulgated rules and regulations for its employees, including Rule 34 which forbid "[f]ighting or attempting bodily injury to others". Shellard was fired for violating this rule.

Following his termination, Shellard filed a grievance challenging his discharge. The Union represented him throughout the grievance procedure. The parties were unable to resolve the matter and therefore submitted the dispute to arbitration as provided for in Article 24 of the contract. The arbitrator, Charles Weintraub of the Federal Mediation and Conciliation Service, held a hearing and subsequently rendered a written award in favor of the discharged

employee. In his decision the arbitrator found that Shellard had in fact assaulted another employee; that a rule prohibiting fighting did exist at that time; and that Shellard was "a mentally retarded person of an observable degree", hence he was "entitled to differential treatment because of [that] mental deficiency". Arbitrator's Decision, page 7. In reaching his decision the arbitrator discussed at some length the various State and Federal laws that apply to persons who are mentally handicapped. In Mr. Weintraub's analysis these laws stand for the premise "that certain classes or categories of people, including those who are mentally retarded, must be perceived and accorded different recognition and treatment because of their problems". *Id.* at page 4. He then rendered an award reinstating the employee with full back pay.

Initially it is important to point out that "the scope of the district court's review of an arbitration award is limited". *Sperry International Trade, Inc. v. Israel,* 689 F.2d 301, 2d Cir.1982. Initially, a court must look to the statute, 9 U.S.C. § 10, which permits the vacation of an arbitrator's award only in extremely limited specific circumstances. The cases construing the statute make it clear that the court's function in reviewing an arbitrator's award is limited to a determination of whether the dispute was arbitrable under the contract and whether the arbitrator exceeded the scope of the submission; the Court cannot review the merits of the award. *See United Steelworkers of America v. Enterprise Wheel & Car Corp.,* 363 U.S. 593, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960). Nevertheless, a district court can and should vacate an arbitrator's award where it is clearly beyond the scope of the submission or where the arbitrator's decision reveals an infidelity to his obligation to draw the essence of the award from the contractual agreement between the parties. As the Supreme Court stated in the seminal Steelworker's trilogy cases:

> [A]n arbitrator is confined to interpretation and application of the collective bargaining agreement; he does not sit to dispense his own brand of industrial justice. He may of course look for guidance

from many sources, yet his award is legitimate only so long as it draws its essence from the collective bargaining agreement.

*United Steelworkers of America v. Enterprise Wheel & Car Corp.,* 363 U.S. 593, 597, 80 S.Ct. 1358, 1361, 4 L.Ed.2d 1424 (1960). In the instant case, I find that the arbitrator has gone beyond the scope of the submission and indeed well beyond the express terms of the collective bargaining agreement and, therefore, his award must be vacated.

First, it is clear that by the arbitrator's decision he has created a separate category or class of employees that must be accorded different treatment when they break company rules. The finding that Mr. Shellard suffered some form of mental impairment was reached solely on the initiative of the arbitrator as neither party raised it as an issue or submitted evidence on the matter. In fact there has never been anything, except the arbitrator's opinion reached after seeing the employee testify, to suggest that he is mentally impaired in any respect. Article 6 of the contract exclusively reserves disciplinary powers to the Company with the limitation that they not be used to discriminate against an employee because of his Union membership. The discharged employee was clearly not discharged for any Union activity, but solely for assaulting a co-worker.

While Mr. Weintraub is correct in his interpretation of statutes mandating special treatment for the handicapped and further noting the admirable progress the law has made in protecting the rights of the handicapped, these were not issues before him. The mental state of Shellard was never an issue until the arbitrator made it one. The sole question presented to him was whether the employee was discharged for just cause. While the statutes cited were clearly important to the arbitrator in making his ultimate award, they were outside the scope of the collective bargaining agreement. As the Supreme Court has said in defining the arbitrator's role, his "task is to effectuate the intent of the parties. His source of authority is the collective bargaining agreement and he must interpret and apply that

agreement in accordance with the 'industrial common law of the shop' and the various needs and desires of the parties. The arbitrator, however, has no general authority to invoke public laws that conflict with the bargain between the parties . . . ." *Alexander v. Gardner-Denver Co.,* 415 U.S. 36, 53, 94 S.Ct. 1011, 1022, 39 L.Ed.2d 147 (1974). Here, the arbitrator applied "his own brand of industrial justice", *United Steelworkers of America v. Enterprise Wheel & Car Corp.,* 363 U.S. 593, 597, 80 S.Ct. 1358, 1361, 4 L.Ed.2d 1424 (1960), which effectively thwarted the Company from maintaining a sense of order in the workplace and from protecting their own employees. Accordingly, the arbitrator's award of June 21, 1982, reinstating James Shellard with back pay is vacated. Each party is to bear their respective costs of the litigation.[1]

SO ORDERED.

---

**1.** This Court is aware of the 3rd Circuit Court of Appeals decision in *Mobil Oil Corp. v. Independent Oil Workers Union,* 679 F.2d 299 (3rd Cir.1982). Even assuming that concrete evidence of the employee's alleged mental problem existed here, as they did in *Mobil Oil,* I would nevertheless decline to follow that decision.