**UNITED MINE WORKERS OF AMERICA, DISTRICT 5, Plaintiff,**

v.

**U.S. STEEL MINING CO., INC., a subsidiary of United States Steel Corporation, Defendant.**

Civ. A. No. 83–1488.

United States District Court, W.D. Pennsylvania.

Nov. 6, 1984.

Ronald J. Zera, Pittsburgh, Pa., for plaintiff.

Jeffrey E. Beeson, Pittsburgh, Pa., for defendant.

## OPINION

COHILL, District Judge.

Plaintiff, United Mine Workers of America, District 5 (the "Union") brought this action against the Defendant, U.S. Steel Mining Co. ("USS") under section 301 of the Labor Management Relations Act, 29 U.S.C. § 141 et seq., § 185 to vacate an arbitrator's decision. This matter is presently before us on Defendant's motion for summary judgment.

USS and the Union are parties to a collective bargaining agreement, the National Bituminous Coal Wage Agreement of 1981 (the "Agreement"). The agreement contains a grievance procedure providing for arbitration of disputes as to the meaning or

application of provisions of the Agreement. *See* Agreement, Art. XXIII(c).

*Procedural History*

The grievance procedure initiated in this case concerned the discharge by USS of one of its employees, Regis Bell, for allegedly falsely reporting a threat against his life in violation of Mine and Shop Conduct Rules.

On April 21, 1983, USS suspended Bell with intent to discharge. On April 25, 1983, a "24–48" hour meeting was held, as provided by Article XXIV, section (b) of the Agreement. This provision grants a suspended employee the right to meet with the mine superintendent or management. The same day, a written grievance was filed by the Union.

When the dispute was not resolved the Union elected, on April 28, 1983, to proceed to "Immediate Arbitration" as provided by Article XXIV of the Agreement. *Arbitrator's Report*, at 5. A hearing was held on May 11, 1983, at which both sides presented testimony and evidence. No court reporter was present, but both sides tape-recorded the hearing. The record was closed at the conclusion of the hearing. *Id.* at 1. On May 16, the Arbitrator orally notified the parties that the Company had just cause to discharge Mr. Bell, *id.*, and on May 20, issued a written decision and award. The Arbitrator concluded, after consideration of expert and other testimony, that Mr. Bell was the author of the note, and that Mr. Bell's conduct constituted just cause for discharge. *Id.* at 6–8.

Plaintiff alleges, in its complaint, three reasons why the arbitrator's award should be vacated: 1) that the Arbitrator, contrary to strict contractual provisions of Article XXIII of the Agreement, failed to take a transcript or record the proceedings; 2) that the Arbitrator, in his award, went beyond the scope of the reasons given by defendant in support of its decision to discharge and supplied reasons not relied upon by the Defendant; and 3) that while the Arbitrator admitted evidence on behalf of the Defendant, he refused to permit Plaintiff the opportunity to offer exculpatory evidence which would have tended to discredit such testimony. Complaint, ¶ 8. The parties have not disputed the facts, and we find, pursuant to Fed.R.Civ.P. 56, that Defendant is entitled to summary judgment as a matter of law.

*Standard of Review*

■ It is well settled that the scope of review of an arbitration decision is extremely limited, and that an award is considered legitimate if it "draws its essence from the contract." *United Steelworkers of America v. Enterprise Wheel & Car Corp.*, 363 U.S. 593, 597, 80 S.Ct. 1358, 1361, 4 L.Ed.2d 1424 (1960). Whether an award "draws its essence" from the agreement in question has been defined as whether

> the interpretation can in any rational way be derived from the agreement, viewed in the light of its language, its context, and, other indicia of the parties' intention; only where there is manifest disregard of the agreement, totally unsupported by principles of contract construction and the law of the shop, may a reviewing court disturb the award.

*Johnson Bronze Co. v. International Union of United Auto Workers*, 621 F.2d 81, 82 (3d Cir.1980) (quoting *Ludwig Honold Mfg. Co. v. Fletcher*, 405 F.2d 1123, 1128 (3d Cir.1969)). The reason for this limited scope lies in the fact that the parties bargained for resolution by arbitration. *Kobielnik v. Union Carbide Corp.*, 532 F.Supp. 28, 30 (E.D.Pa.1981). Refusal to review the merits of an arbitration award is the proper approach to arbitration under collective bargaining agreements. *International Ladies Garment Workers' Union, Local No. 111 v. DeeVille Blouse Co., Inc.*, 486 F.Supp. 1253, 1254–55 (E.D.Pa. 1980) (citing *United Steelworkers of America v. Enterprise Wheel & Car Corp.*, 363 U.S. 593, 596–99, 80 S.Ct. 1358, 1360–62, 4 L.Ed.2d 1424 (1960)). Finally, contractual interpretations made in the course of labor arbitrations must not be disturbed so long as they are not in manifest disregard of the law. The question of whether or not an arbitrator misconstrued the contract does

not open an award to judicial review. *See Sun Petroleum Products, Co. v. Oil, Chemical & Atomic Workers Int'l Union,* 681 F.2d 924, 927–29 (3d Cir.1982).

*Failure to Transcribe Proceedings*

Article XXIV of the Agreement, entitled "Discharge Procedure," provides in part,

Section (b) Procedure

Where management concludes that the conduct of an Employee justifies discharge, the Employee shall be suspended with intent to discharge and shall be given written notice stating the reason, with a copy to be furnished to the Mine Committee. After 24 hours, but within 48 hours, the Employee shall be afforded the right to meet with the mine superintendent or manager. At such meeting, a member or members of the Mine Committee shall be present and, if requested by the Employee or the Mine Committee, a representative of the District shall also be present.

. . . . .

Art. XXIV, § (b). Article XXIV further provides,

Section (d) Immediate Arbitration

(1) If the District believes that just cause for discharge does not exist, it shall arrange with the Employer for immediate arbitration of the dispute, bypassing steps one through three of the grievance procedure.

(2) The next available district arbitrator shall immediately be assigned to hear the case.

(3) The appropriate district arbitrator shall hear the case within five days. At the conclusion of the hearing, the district arbitrator shall at that time announce his decision which shall be binding on all parties. Following the hearing, the arbitrator shall forthwith reduce his decision to writing within 10 days. If the arbitrator determines that the Employer has failed to establish just cause for the Employee's discharge, the Employee shall be immediately reinstated to his job. If the arbitrator determines that

there was just cause for the discharge the discharge shall become effective upon the date of the arbitrator's decision.

In providing an alternative procedure for "Immediate Arbitration" separate from the usual grievance procedure specified in section (c) of Article XXIII, Article XXIV, section (d) provides that "steps one through three" of the grievance procedure shall be bypassed. *See* Art. XXIV, § (d), *supra.*

The Agreement does not state whether section 4 of the regular grievance procedure shall be applicable in situations where immediate arbitration is elected. Section 4 provides, in part, that "the hearing shall be recorded by the arbitrator and shall be closed upon completion of testimony." Art. XXIII, § (c)(4).

The Union argues that, in spite of the fact that both sides tape-recorded the hearing, the award should be vacated because the Arbitrator did not provide an official record. Plaintiff's Brief, at 3–4. In support, the Union argues that the recordings could not be quoted or cited in argument before the Arbitrator. The Union proceeds to quote from portions of the hearing relating to whether Mr. Bell's actions technically fell within the wording of the shop rules allegedly violated, and concludes that if there had been an official record, the grievance would have been sustained. *Id.* at 3–6.

Two issues are raised by the Union: 1) whether the arbitrator's failure to make an official transcript requires vacating the award; and 2) whether, if there had been a transcript to which the Union could have referred, the grievance would have been sustained.

A. *Failure to Make an Official Transcript*

In the present case, the Agreement is silent as to whether the immediate arbitration hearing shall be recorded by the Arbitrator. However, both sides recorded the hearing themselves. In the case of an immediate arbitration hearing, we fail to see the effect of a lack of an official transcript.

It is unclear when the Union would have referred to the transcript. Assuming the applicability of Article XXIII, post-hearing briefs are not permitted except in cases in which the Arbitrator deems them necessary; the Arbitrator did not deem them necessary in this case. In any event, post-hearing arguments based on a transcript would be contrary to the concept of immediate arbitration. The Arbitrator's Report we believe, thoroughly summarized the facts and testimony; we do not believe, as Plaintiff asserts, that the Arbitrator relied on his "feelings" or rendered a decision contrary to the evidence. See Plaintiff's Brief, at 7. Whether or not subsection (4) of Article XXIII(c) of the Agreement applies in Immediate Arbitration proceedings, we believe that where the section providing for Immediate Arbitration is silent, and where both sides in fact recorded the hearing, that the award does not fail to "draw its essence from the contract." *Johnson Bronze, supra,* 621 F.2d at 82 (3d Cir. 1980). "While an arbitrator's task is to interpret the clauses of the agreement, a reviewing court may only determine whether the arbitrator's award was 'totally unsupported by principles of contract construction.'" *Arco Polymers, Inc. v. Local 8–74,* 671 F.2d 752, 755 (3d Cir.1982) (quoting *Johnson Bronze, supra,* 621 F.2d at 82).

## B. *The Effect of a Transcript*

While we feel this question is arguably an attempt to reargue the merits of the case, we will, construing it as favorably as possible to Plaintiff, interpret it as an argument that the evidence showed no violation of any conduct proscribed by Mine Shop Conduct Rules 4 and 6, and thus, that the Arbitrator exhibited an "infidelity" to the intent of the parties as embodied in the collective bargaining agreement. *See Mobil Oil v. Independent Oil Workers Union,* 679 F.2d 299, 304 (3d Cir.1982).

The Arbitrator found that the false reporting of a threat against Mr. Bell's life, calling into play the investigative and security forces of the employer, constituted a violation of "reasonable standards of an employer-employee relationship" as stated in the preamble to the Mine and Shop Conduct Rules. Arbitrator's Report, at 8. The preamble states, in full,

> The Company believes that a safe and trained employee is a valuable person to himself, his dependents, and his company and therefore his continued employment is a shared goal. In order to minimize the occasions for discipline or discharge, each employee should avoid conduct which violates reasonable standards of an employer-employee relationship, including...

*Mine and Shop Conduct Rules,* preamble. The Conduct rules proceed to enumerate certain prohibited conduct:

> *Rule 4* Insubordination (refusal or failure to perform work assigned or to comply with supervisory direction) or use of profane, obscene, abusive or threatening language or conduct towards subordinates, fellow employees, or officials of the Company.

> *Rule 6* "Falsifying or misrepresenting records." *Mine and Shop Conduct Rules,* attached to Plaintiff's Brief Opposing Summary Judgment.

The Arbitrator's award is supported by the language of the preamble, and is, thus, a rational construction of the contract in construing "cause."

## C. *Consideration of Evidence Not Relied on by Employer*

The Union contends that the Arbitrator erred in considering Mr. Bell's admission to the State Police of having authored the note. *See* Complaint, ¶ 8; Plaintiff's Brief, at 7. We find this argument to be without merit.

An arbitrator, in deciding whether there was "cause" for a discharge, may consider all evidence, and apply all the surrounding facts and circumstances. This includes consideration of post-discharge ev-

**1046**

idence. *See Mobil Oil Corp. v. Independent Oil Workers Union*, 679 F.2d 299, 303 (3d Cir.1982); *Super Tire Engineering v. Teamsters Local Union No. 676*, 546 F.Supp. 547, 551 (D.N.J.1982), *rev'd on other grounds*, 721 F.2d 121 (3d Cir.1983).

### D. *Refusal to Permit Exculpatory Evidence*

Finally, Plaintiff contends that "[w]hile admitting evidence on behalf of the Defendant to support his decision, the Arbitrator refused to permit the Plaintiff to offer exculpatory evidence which would tend to discredit the evidence of the Defendant." Complaint, ¶ 8. Though not addressed in Plaintiff's brief, we gather the Union is referring to its submission of a psychiatrist's report at the end of the hearing. *See* Arbitrator's Report, at 8.

The Arbitrator noted that at no time did the Union offer a defense that Mr. Bell needed psychological rehabilitation. Inasmuch as the evidence was offered in support of a rehabilitative remedy, the Arbitrator found that he did not have the authority to fashion such a remedy. *Id.* at 8.

Under the Immediate Arbitration provision of Article XXIV, the arbitrator is to determine whether the employer has established just cause for the discharge. Art. XXIV, § (d)(3). If the employer fails to establish just cause, the employee is immediately reinstated. *Id.* "If the arbitrator determines that there was just cause for the discharge, the discharge shall become effective on the date of the arbitrator's decision." *Id.*

■ We decline to overrule the Arbitrator's finding that the report was not offered as "exculpatory," but offered, instead, in support of a rehabilitative remedy. The Arbitrator's conclusion that he did not have authority to fashion such a remedy must stand in light of the language of the Immediate Arbitration provision. *See* Art. XXIV, § (d)(3), *supra. See Arco Polymers, supra*, 671 F.2d at 755.