UNITED STEELWORKERS OF AMER-
ICA, AFL–CIO.CLC, and United Steel-
workers of America Local Union 15253,
Plaintiffs,

v.

J.D. ECKMAN, INC., Defendant.

CIV. A. No. 93–3536.

United States District Court,
E.D. Penn.

May 23, 1994.

David Goldman, Pittsburgh, PA, for plaintiffs.

Susan R. Friedman, Stevens & Lee, Lancaster, PA, for defendant.

## MEMORANDUM

GAWTHROP, District Judge.

This case involves a dispute over the scope of an arbitrator's award issued to resolve a labor dispute between defendant, J.D. Eckman, Inc., and three of its employees. The employees are represented by the plaintiffs,

the United Steelworkers of America, AFL–CIO, and the United Steelworkers of America Local Union 15253. The parties took their dispute to an arbitrator, as required by their collective bargaining agreement. He made a decision, and found in favor of the aggrieved employees. Now, the parties cannot agree on the scope of that award and have turned to me to interpret its meaning. More specifically, they are at loggerheads over whether the award included a requirement that wages earned by the grievants while laid off from Eckman be offset against back-pay.

Plaintiffs invited defendant to return to the arbitrator so that he could clarify what he meant, but the company declined. Plaintiff then filed this suit and the motion for summary judgment now before the court. Plaintiffs ask that I either enforce the award without an offset for interim earnings, or remand the matter to the arbitrator for clarification of his award on the offset issue.

The motion boils down to the question whether it is for this court or for the arbitrator to determine whether a particular issue was submitted to that arbitrator, and the scope of that arbitrator's award. I conclude that both issues are for the arbitrator to decide.

■ It is well settled that the preferred method of resolving labor disputes is the method chosen by the parties to do so. *United Steelworkers of America v. American Mfg. Co.*, 363 U.S. 564, 80 S.Ct. 1343, 4 L.Ed.2d 1403 (1960); *United Steelworkers of America v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 80 S.Ct. 1347, 4 L.Ed.2d 1409 (1960); *United Steelworkers of America v. Enterprise Wheel & Car Co.*, 363 U.S. 593, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960). Here the method chosen by the collective bargaining agreement is a five-step grievance process, which culminates in final and binding arbitration.

■ I must "exercise the utmost restraint to avoid intruding on the bargained-for method of dispute resolution." *United*

*Mine Workers v. Consolidation Coal Co.*, 666 F.2d 806, 811 (3rd Cir.1981). Where, as here, arbitration awards generate collateral disputes over the meaning of their terms, the appropriate procedure is to direct the parties to resubmit the issue to the arbitrator. *Id.*, citing, *Transport Workers Union v. Philadelphia Transp. Co.*, 228 F.Supp. 423 (E.D.Pa.1964).

■ Defendant points out that once an arbitrator has made a final award, his authority is spent and he can do no more with regard to the subject matter of the arbitration. *Teamsters Union Local No. 115, etc. v. Desoto, Inc.*, 725 F.2d 931, 940 (3rd Cir.1984). True, but upon remand, his jurisdictional power revives, just as does that of a lower court when its jurisdiction, temporarily divested upon the filing of an appeal, is revived upon remand.

Defendant says, however, that because the issue of back-pay was so complex, the parties agreed that it not be submitted to the arbitrator, but instead be reserved for another hearing.

The arbitration record does tend to support this position. The arbitrator did address whether the company violated these employee's seniority rights to "bump" their juniors. Having found such violations, the back-pay setoff question could well be subsumed within the damages aspect of the adjudication. Defendant says that it was; plaintiffs say otherwise. It was at least partially briefed,[1] but whether the arbitrator actually reached and decided the question is unclear.

■ The scope of an arbitrator's authority is limited to the issues submitted by the parties to him. *Mobil Oil Corp. v. Independent Oil Workers Union*, 679 F.2d 299, 302 (3rd Cir.1982). So long as his reading of them is "rationally derived" from the submission, it is he, rather than me, who should resolve the dispute. *High Concrete Structures, Inc. v. United Elec., Radio and Mach. Workers of America*, 879 F.2d 1215, 1219 (3rd Cir.1989); *Mobil Oil Corp.*, 679 F.2d at

---

**1.** The union's brief to the arbitrator asked, for example, that there be "no offsets against outside earnings or unemployment compensation." Un-

ion Brief to Arb. at 4 (Exhibit 2, Plaintiffs' Reply Memorandum).

302. I shall thus send the parties back to the arbitrator to tell them what is properly before him, what he did or did not decide, and, if need be, what yet needs to be decided. If there are any loose ends, he should tie them up.

■ The union is also seeking attorneys fees to reimburse them for the costs of pursuing this action. In suits seeking to require one party to abide by an arbitration award "fees are generally awarded if the defaulting party acted without justification ... or if the party resisting arbitration did not have a 'reasonable chance to prevail.'" *Chauffeurs, Teamsters & Helpers v. Stroehmann Bros. Co.*, 625 F.2d 1092, 1094 (3rd Cir.1980) (citations omitted). Here, whether there was a reasonable chance to prevail on this motion hinged on whether these issues were before the arbitrator, and whether he had left undone something that he ought to have done, so that remand is appropriate. That the amount of money to be awarded a grievant, should it be determined that he was deprived of his right to bump a junior, seems self evident. Once liability is found, an adjudication then generally goes on to find damages. On the other hand, the issue of set-off from back-pay having, apparently, by agreement, been removed from the arbitrator's platter, the question of whether it should now properly be before him is one upon which reasonable people could disagree. I thus do not find the result here so clear as to call for imposition of fees.

An order follows.

### ORDER

AND NOW, this 20th day of May, 1994, upon consideration of the plaintiffs' Motion for Summary Judgment, and the response thereto, the parties are ORDERED to resubmit their dispute to arbitrator Dunn in order that he may clarify his opinion and award with regard to whether the issue of back-pay was properly before him, and if so, whether interim earnings are to be deducted from payments due Charles H. Stuart, Alan A. Armer, and Francis J. Mayer.

It is further ORDERED that plaintiffs' request for attorneys' fees is denied.