866 F.2d 283
 130 L.R.R.M. (BNA) 2490, 57 USLW 2483,
110 Lab.Cas. P 10,917
 PACK CONCRETE, INC., a corporation,
Plaintiff-Counter-Defendant-Appellant- Cross-Appellee,
v.
Walter T. CUNNINGHAM, and Christopher W. Olmsted,
Defendants-Appellees-Cross- Appellants,
and
Teamsters Local No. 2, a labor organization,
Defendant-Counter-Plaintiff- Appellee-Cross-Appellant.
 Nos. 87-4175, 87-4176.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Oct. 7, 1988.
Decided Jan. 18, 1989.
 
 1
 Robert J. Phillips and Robert S. Marcott, Snavely & Phillips, P.C., Missoula, Mont., for Pack Concrete, Inc.
 
 
 2
 D. Patrick McKittrick, McKittrick Law Firm, P.C., Great Falls, Mont., for Cunningham, Olmsted and Teamsters Local No. 2.
 
 
 3
 Appeal from the United States District Court for the District of Montana.
 
 
 4
 Before NELSON and BEEZER, Circuit Judges, and REA,* District Judge.
 
 REA, District Judge:
 
 5
 This appeal involves the validity of a labor arbitration award finding that Pack Concrete, Inc. (Pack) improperly discharged two employees. Pack petitioned the district court to vacate the award, contending that the issue submitted for arbitration was limited solely to questions of layoff and recall, and that the arbitrator therefore exceeded his authority by finding the employees had been discharged. The district court upheld the award. We affirm.
 
 I.
 
 6
 This case arises from an employment dispute between Pack, a company which delivers pre-mixed concrete to construction sites, and two of its mixer truck drivers, Walter Cunningham and Christopher Olmsted. Cunningham and Olmsted are both members of Teamsters Local No. 2 (the Union), the collective bargaining agent for Pack's employees.
 
 
 7
 Pack and the Union are parties to a collective bargaining agreement (CBA) which requires arbitration of "any dispute involving the interpretation, application, or alleged violation of a provision of this Agreement." Article XII of the CBA provides that employees cannot be discharged without just cause and sets forth procedures which Pack must follow to discharge a worker. Article IX further requires Pack to respect seniority rights in laying off and rehiring workers, "subject to competency and ability being equal in the judgment of the employer."
 
 
 8
 In February, 1985, Pack sent letters to Cunningham and Olmsted, stating: "Efficiency and economy of seasonal operations requires [sic] the reduction of our working forces and, regrettably, we hereby notify you of your discharge effective February 1, 1985." The letters then instruct the employees to file new job applications in order to be considered for future employment.
 
 
 9
 The Union construed the letters to be discharge notices and demanded that the employees be reinstated. It subsequently infomed Pack by letter of its intention to submit the matter to arbitration. In March, 1985, Pack responded by claiming the two employees had been laid off, rather than discharged. Cunningham and Olmsted then presented oral grievances, alleging violations of their seniority rights by virtue of Pack's failure to rehire them. Pack denied these grievances.
 
 
 10
 The Union protested the failure to rehire Olmsted and Cunningham and again informed Pack that it intended to submit the grievance to arbitration. The Union then sent a form to the Federal Mediation and Conciliation Service requesting a panel of arbitrators. The form calls for the party making the request to supply general information about the dispute, and in the space provided for a description of the type of issue to be arbitrated, the Union stated: "Seniority & Recall."
 
 
 11
 In August, 1985, the arbitrator issued his decision, concluding that Olmsted and Cunningham had been discharged, not laid off, and that their discharge violated the procedures required by the CBA. The arbitrator ordered Pack to reinstate the two employees with full seniority and awarded them back pay and fringe benefits. The arbitrator also directed Pack to state more clearly its intention in future letters regarding layoffs and discharges.
 
 
 12
 Pack filed a petition to vacate the award pursuant to 9 U.S.C. Sec. 10(d), on the ground that the arbitrator exceeded his authority by deciding an issue which had not been submitted to him. Specifically, Pack argued that because the issue submitted for arbitration was limited to "seniority and recall," the arbitrator lacked authority to find a discharge and to frame remedies accordingly. Pack also claimed the Union had not followed proper filing procedures and attacked the arbitrator's attempt to dictate the content of future letters. After consideration of cross-motions for summary judgment, the district court granted judgment to the Union, affirming the award to Cunningham and Olmsted.[1]
 
 
 13
 Pack timely appealed the district court's grant of summary judgment. The Union filed a notice of limited cross-appeal, agreeing with the district court's conclusion, but challenging two of the court's factual findings. We have jurisdiction over an appeal of a district court's grant of summary judgment confirming a labor arbitration award. 29 U.S.C.A. Sec. 185(a) (West 1978); 28 U.S.C.A. Sec. 1291 (West Supp.1988).
 
 II.
 
 14
 This court reviews de novo a district court's grant of summary judgment confirming an arbitration award. Local Joint Exec. Board of Las Vegas v. Riverboat Casino, Inc., 817 F.2d 524, 526 (9th Cir.1987).
 
 
 15
 The scope of review of an arbitrator's decision is extremely narrow. Sunshine Mining Co. v. United Steelworkers of America, 823 F.2d 1289, 1293 (9th Cir.1987). "As long as the arbitrator's award 'draws its essence from the collective bargaining agreement' and is not merely 'his own brand of industrial justice,' the award is legitimate." United Paperworkers Int'l Union v. Misco, Inc., 484 U.S. 29, ----, 108 S.Ct. 364, 370, 98 L.Ed.2d 286, 298 (1987) (quoting United Steelworkers of America v. Enterprise Wheel & Car Corp., 363 U.S. 593, 597, 80 S.Ct. 1358, 1361, 4 L.Ed.2d 1424 (1960)). "[I]f on its face, the award represents a plausible interpretation of the contract, judicial inquiry ceases and the award must be enforced." George Day Constr. Co. v. United Bhd. of Carpenters, 722 F.2d 1471, 1477 (9th Cir.1984).
 
 
 16
 An arbitrator's authority is limited, however, by the principle that where an arbitrator "exceeds the boundary of the submission to him, the award will be held invalid." La Mirada Trucking v. Teamsters Local Union 166, 538 F.2d 286, 288 (9th Cir.1976), cert. denied, 429 U.S. 1062, 97 S.Ct. 787, 50 L.Ed.2d 778 (1977). This circuit has not delineated the standard by which a federal court should review an arbitrator's determination of his own authority as defined by the submitted issue.
 
 
 17
 We now hold that an arbitrator's interpretation of the scope of the issue submitted to him is entitled to the same deference accorded his interpretation of the collective bargaining agreement. This approach is consistent with well-established principles of federal labor law and is supported by the decisions of those circuits that have considered the issue, each of which has adopted a deferential standard of review.[2]
 
 
 18
 In our view, deference to an arbitrator's interpretation of a submission follows from the Supreme Court's directive that "when the subject matter of a dispute is arbitrable, 'procedural' questions which grow out of the dispute and bear on its final disposition are to be left to the arbitrator." Misco, 484 U.S. at ----, 108 S.Ct. at 372, 98 L.Ed.2d at 298 (citing John Wiley & Sons, Inc. v. Livingston, 376 U.S. 543, 557, 84 S.Ct. 909, 918, 11 L.Ed.2d 898, 909 (1964)). Application of this rule is especially apt in the instant case, where Pack's argument is not that the discharge issue was not arbitrable or even factually unrelated to the dispute, but rather that the Union mislabeled the issue when it requested the panel.
 
 
 19
 The technical nature of Pack's argument highlights the considerations of federal labor policy favoring deference to the arbitrator's interpretation of the issue submitted. Failure to adopt this standard would require the judiciary "to determine, case by case, the exact scope of submission in the endless number of grievances and disputes that inevitably occur between employers and employees." Mobil Oil Corp. v. Independent Oil Workers Union, 679 F.2d 299, 302 (3d Cir.1982).[3] As the Mobil court warned, permitting such plenary review would "undermine[ ] the congressional policy in favor of expeditious and relatively inexpensive means of settling grievances, and thus of promoting labor peace." Id. Furthermore, interpreting the issue submitted often requires construction of the agreement itself, a job clearly for the arbitrator. Id.; John Wiley & Sons, Inc. v. Livingston, 376 U.S. 543, 557, 84 S.Ct. 909, 918, 11 L.Ed.2d 898, 909 (1964).[4]
 
 
 20
 We are persuaded that the same policies which have led this court to defer to an arbitrator's interpretation of a collective bargaining agreement weigh strongly in favor of deferring to an arbitrator's interpretation of the contours of the issues submitted. We therefore review with great deference the arbitrator's conclusion that the issue before him permitted a determination that the February 1, 1985 letters constituted notices of discharge, not layoff.
 
 III.
 
 21
 In arguing that the arbitrator exceeded the scope of the submission, Pack relies on a provision of the collective bargaining agreement requiring the arbitrator to consider only issues submitted in writing.[5] Because the arbitration request form submitted by the Union labeled the issue as "seniority and recall," Pack concludes "the issue submitted did not involve any discharge issue" and suggests that the Union abandoned its discharge grievance prior to arbitration.[6]
 
 
 22
 The Union, on the other hand, maintains that the discharge issue has been an integral part of the dispute ever since Cunningham and Olmsted received the February, 1985 letters from Pack. In any event, the Union argues, its correspondence with Pack protesting the letters as improper discharges and noticing its intent to arbitrate meet the CBA "in writing" requirement.
 
 
 23
 Pack offers no authority for its contention that the "in writing" requirement was not met by the Union letters specifically raising the discharge claim. And contrary to Pack's suggestion, the record does not indicate that the Union abandoned the discharge issue prior to arbitration. The record reflects only that Pack informed the Union the letters were layoff notices and, subsequently, the Union labeled the issue as "Seniority and Recall" on its arbitration panel request form. The arbitrator's memorandum of decision indicates that the Union raised the question of discharge in its statement of issues, and notes that Pack presented a narrower view of the submission. The arbitrator concluded that the February 1, 1985 letter "plays a pivotal, if not a controlling, part in this case" and interpreted the submission as including a determination of the nature of the letter.
 
 
 24
 Given the strong interdependence of the discharge and layoff issues in this dispute, and the absence of any clear indication of what the "in writing" provision requires, the arbitrator's conclusion that the Union had properly submitted the discharge issue was, at minimum, a "plausible interpretation" of both the issue submitted and of the collective bargaining agreement. George Day Constr. Co. v. United Bhd. of Carpenters, 722 F.2d at 1477. Therefore, under the highly deferential standard we now apply to such decisions, we find that the arbitrator herein did not exceed his authority by deciding that Pack improperly discharged Cunningham and Olmsted. Accordingly, the judgment of the district court upholding the arbitration award is affirmed.[7]
 
 
 25
 AFFIRMED.
 
 
 
 *
 The Honorable William J. Rea, United States District Judge for the Central District of California, sitting by designation
 
 
 [1]
 The district court did, however, vacate the arbitrator's award regarding the content of future discharge and layoff letters. Neither party challenges that decision
 
 
 [2]
 See, e.g., Mobil Oil Corp v. Independent Oil Workers Union, 679 F.2d 299, 302 (3d Cir.1982); International Ass'n of Machinists v. Texas Steel, 639 F.2d 279, 283 (5th Cir.1981); Waverly Mineral Prods. Co. v. United Steelworkers, 633 F.2d 682, 685-86 (5th Cir.1980); Kurt Orban Co. v. Angeles Metal Systems, 573 F.2d 739, 740 (2d Cir.1978); Textile Workers Union of America v. American Thread Co., 291 F.2d 894, 896-97 (4th Cir.1961)
 
 
 [3]
 In Mobil, the issue submitted was whether the employer had "cause" to discharge an employee. 679 F.2d at 301. The arbitrator ruled for the employee, based on mitigating evidence not known to Mobil prior to discharge. Id. Mobil challenged the award, contending that "cause" could only be evaluated based on what Mobil knew at the time, and that the submission limited the arbitrator's authority to consideration of such evidence. The Court of Appeals refused to overturn the award, ruling that "the deference that is accorded to an arbitrator's interpretation of the collective bargaining agreement should also be accorded to an arbitrator's interpretation of the issue submitted." Id. at 302
 
 
 [4]
 Parties to collective bargaining agreements are of course free to prevent claim misinterpretation by setting their own procedural rules for arbitrators to follow. United Paperworkers Int'l Union v. Misco, Inc., 484 U.S. 29, ----, 108 S.Ct. 364, 371, 98 L.Ed.2d 286, 299 (1987). Encouraging such recourse to the collective bargaining process, rather than to the courts, fully comports with federal labor policy
 
 
 [5]
 The sentence of the agreement on which Pack relies provides: "The Arbitrator shall consider and decide only the specific issues submitted in writing and shall have no power or authority to add to, subtract from, amend or modify any of the terms of this agreement."
 
 
 [6]
 Pack also contends that if we choose to uphold the arbitrator's award, the case must be remanded to clarify the relief granted. This issue, however, was not raised below. As a general rule, this court will not consider issues raised for the first time on appeal. Bolker v. Commissioner of Internal Revenue, 760 F.2d 1039, 1042 (9th Cir.1985). Because the facts of this case do not fall within any of the limited exceptions to this rule, see id., we do not reach the merits of this argument
 
 
 [7]
 In its limited cross-appeal, the Union objects to two of the findings made by the district court, but otherwise agrees with the result reached therein. In view of our present holding, we do not reach the issues raised on the cross-appeal