914 F.2d 1493
 135 L.R.R.M. (BNA) 2604, 117 Lab.Cas. P 10,394
 Unpublished Disposition
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 VOLVO GM HEAVY TRUCK CORPORATION, Plaintiff-Appellee,
v.
INTERNATIONAL UNION, United Automobile, Aerospace and
Agricultural Implement Workers of America; Local 2069 of
International Union, United Automobile, Aerospace and
Agricultural Implement Workers of America, Defendants-Appellants.
 
 No. 89-1515.
 United States Court of Appeals, Fourth Circuit.
 Argued May 8, 1990.
Decided Sept. 24, 1990.
 Appeal from the United States District Court for the Western District of Virginia, at Roanoke. James C. Turk, Chief District Judge. (CA-89-198-R).
 Robert Edward Paul, Zwerdling, Paul, Leibig, Kahn, Thompson & Driesen, P.C., Washington, D.C., argued for appellants.
 Michael Frank Marino, Reed, Smith, Shaw & McClay, McLean, Va., argued for appellee; Steven P. Fulton, Reed, Smith, Shaw & McClay, McLean, Va., on brief.
 W.D.Va.
 SO ORDERED.
 Before PHILLIPS, Circuit Judge, SMITH, Senior Judge, United States Court of Appeals for the Federal Circuit, sitting by designation, and YOUNG, Senior United States District Judge for the District of Maryland, sitting by designation.
 PHILLIPS, Circuit Judge:
 
 
 1
 International Union (I.U.) appeals the district court's judgment vacating a portion of an arbitrator's Opinion and Award rendered in favor of I.U. bargaining unit employee Larry Reese against his employer, Volvo GM Heavy Truck Corporation (Volvo). We reverse.
 
 
 2
 * On May 4, 1988, Volvo notified I.U. and Reese that Reese was being discharged for a violation of two of Volvo's work rules: Rule 14 which involves leaving the plant without permission, and Rule 24, addressing threats to employees or supervisors. I.U. responded with a grievance on behalf of Reese on the ground that there was no cause for the termination. Ultimately unable to resolve the grievance, both parties agreed to submit the issue to the American Arbitration Association in accordance with the parties' collective bargaining agreement.
 
 
 3
 On June 24, 1988, Volvo notified I.U. and Reese that Volvo had amended the May 4 discharge to include an alleged violation of Plant Rule 2, involving theft. Reese, I.U., and Volvo representatives met on June 28, 1988, to discuss the new theft charge; the meeting resulted in I.U.'s formal objection to Volvo's professed right to amend an already-issued notice of termination. Based on its belief that Volvo lacked authority under the collective bargaining agreement to amend the discharge, I.U. never filed a formal grievance to the charge.
 
 
 4
 Before the scheduled November 22, 1988, arbitration hearing, Arbitrator William D. Ferguson conducted a pre-hearing conference to determine the scope of the issues to be resolved. Although both parties agreed that the Rule 2 theft charge was not before the arbitrator, they did so for different reasons: I.U. argued that Volvo was barred from raising the Rule 2 issue for failure to include it in the original discharge; Volvo argued that I.U. had waived its right to grieve the issue for failure to do so within the five days required by the collective bargaining agreement.
 
 
 5
 The parties began the arbitration conference by discussing whether the Rule 2 issue was before the arbitrator. Following the discussion, Arbitrator Ferguson stated that, because the parties could not agree on the posture of the Rule 2 issue, he would frame the issues "as I see them in my opinion when I write it." J.A. at 200(a). During the hearing, both parties introduced evidence concerning the evolution of the June 24 amendment adding the alleged Rule 2 violation. Substantial testimony during the hearing concerned theft problems at the Volvo plant.
 
 
 6
 At the conclusion of the hearing, Arbitrator Ferguson again asked both sides whether they understood the alleged violation of Rule 2 to be before him. Both sides again asserted that the other had waived the issue. In his opinion, Arbitrator Ferguson noted that the parties agreed to disagree concerning the Rule 2 issue. After concluding that discharge under Rules 14 and 24 was unwarranted, Arbitrator Ferguson turned to the issue of a remedy. Noting that, under normal circumstances, Reese's remedy would simply consist of reinstatement with back pay, Arbitrator Ferguson also noted that Reese's case presented a somewhat unusual case. If Volvo was right, Reese's failure to grieve the Rule 2 violation meant that Reese's discharge was effective June 24. Arbitrator Ferguson therefore only had authority to award backpay from May 4, the date of the original discharge, until June 24, the date Volvo amended the discharge. Conversely, if IU was right, Arbitrator Ferguson had to award back pay from May 4 up to the present.
 
 
 7
 Without resolving either party's waiver claim, and in an attempt to be fair both to I.U. and Volvo, Arbitrator Ferguson resolved the amended Rule 2 issue as follows. The June 24 letter was to be considered a Rule 2 discharge effective June 24. Nevertheless, the five days within which I.U. was required to grieve the discharge was tolled by the pending Rule 14 and 24 grievance. Accordingly, Reese was entitled to back pay up until June 24, the effective filing of the deemed-new Rule 2 grievance, and I.U. had ten days from the date of entry of the arbitrator's order to file a grievance on the Rule 2 claim.
 
 
 8
 On appeal, the district court recognized its extremely limited scope of review, but held that Arbitrator Ferguson's resolution of the Rule 2 issue exceeded his limited authority to decide only the Rule 14 and 24 issues. The district court therefore affirmed all portions of Arbitrator Ferguson's award and opinion relating to the Rule 14 and 24 issues, but vacated all procedural and substantive aspects of the theft charge or Rule 2 violation.
 
 
 9
 This appeal followed.
 
 II
 
 10
 The federal courts' authority to review labor arbitrators' decisions arises under LMRA Sec. 301.
 
 
 11
 The parties, not the arbitrator, must define the issues. See International Chem. Workers' Union v. Mobay Chem., 755 F.2d 1107, 1110 (4th Cir.1985). The submission is the source and limit of the arbitrator's authority. See id. The agreement to arbitrate a particular issue need not be express; such an agreement may be implied or established by the conduct of the parties. See id. Although an award may be overturned if the arbitrator exceeds his authority by exceeding the boundary of the submission to him, the reviewing court must "defer[ ] to an arbitrator's interpretation of the contours of the issues submitted." The arbitrator's interpretation of the scope of the issues submitted is entitled to the same great deference as is accorded his interpretation of the collective bargaining agreement. See Pack Concrete, Inc. v. Cunningham, 866 F.2d 283, 286 (9th Cir.1989). Deference to an arbitrator's framing of the issues is especially appropriate where, as here, the question is not whether a dispute was arbitrable, but rather whether the otherwise arbitrable issue was properly before the arbitrator. See Pack Concrete, 866 F.2d at 285.
 
 
 12
 In the instant case, the district court rightly noted that the arbitrator's authority is determined by the collective bargaining agreement and the parties' submissions. The court also correctly perceived that the parties had neither expressly, impliedly, nor by their conduct submitted the merits of the Rule 2 dismissal to Arbitrator Ferguson; had Arbitrator Ferguson resolved the Rule 2 issue on the merits, we would agree with the district court that the bounds of the arbitrator's authority had been exceeded.
 
 
 13
 Nevertheless, implicit in the parties' submission of the Rule 14 and 24 issues was the arbitrator's authority to fashion a remedy. The Rule 2 issue clearly presented the arbitrator with a dilemma: if Volvo had waived the issue, Reese was entitled to reinstatement and back pay beginning May 4, 1988; if Reese had waived the issue by failing to grieve it, Volvo was entitled to discharge him effective June 24, 1988, and back pay could only be awarded up to that point. We believe that Arbitrator Ferguson's action constituted a manifestly fair resolution of the dilemma. Indeed, his resolution of the issue can be viewed as an effort to stay within the scope of the submission by avoiding the Rule 2 issue, while at the same time placing it in a manageable procedural posture.
 
 
 14
 Moreover, we can infer from the evidence adduced at the hearing that the parties had at least impliedly granted Arbitrator Ferguson the authority so to deal with the Rule 2 issue.[1] Both parties offered a substantial amount of evidence concerning the two sides of the Rule 2 waiver issue. When the parties submit evidence irrelevant to the original grievance issue, the issue to which the evidence is relevant may be subjected to arbitration. See Mobay Chemical, 755 F.2d at 1112.[2]
 
 III
 
 15
 For the foregoing reasons, we reverse the district court's order to the extent it vacated the arbitrator's decision dealing with the Rule 2 issue. We remand for entry of an appropriate order.
 
 SO ORDERED
 
 
 [1]
 Volvo argues that, even if the posture of the Rule 2 issue was properly before Arbitrator Ferguson, tolling the time limit was outside the scope of his authority. We agree with those cases which have upheld an arbitrator's authority to toll a time limit even without an express provision to that effect in the collective bargaining agreement. See Holly Sugar Corp. v. Distillery Workers, 412 F.2d 899, 903-04 (9th Cir.1981)
 
 
 [2]
 Volvo's argument that Arbitrator Ferguson exceeded his authority to expand the collective bargaining agreement's five-day grievance filing time limit to ten days is academic; I.U. filed its grievance the day after receipt of Arbitrator Ferguson's award