60 F.3d 835
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 TOYOTA OF BERKELEY, Plaintiff-Appellant,
v.
AUTOMOBILE SALESMEN'S UNION, LOCAL 1095; United Food and
Commercial Workers Union, Defendants-Appellees.
 No. 94-15062.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 14, 1995.*
Decided July 7, 1995.
 
 Before: HUG, ALARCON, TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Toyota appeals a district court order affirming an arbitrator's award of back pay to Edward Fontes, a former Toyota salesperson and member of the Automobile Salesmen's Union ("the Union"). The Union argues that Toyota's appeal is frivolous and seeks sanctions under Federal Rule of Appellate Procedure 38.
 
 
 3
 We have jurisdiction pursuant to 28 U.S.C. Sec. 1291. We affirm the district court order affirming the arbitration award, but decline to impose sanctions.
 
 I. Facts
 
 4
 Toyota and Local 1095 were parties to a collective bargaining agreement that expired May 31, 1983. Fontes worked as a salesperson at Toyota of Berkeley until he was fired on Feb. 9, 1983. The Union grieved his termination, and the first arbitrator, Joe Henderson, found that the termination violated the collective bargaining agreement. He found, "The discharge of Mr. Fontes was a violation of the Agreement. Mr. Fontes shall be made whole in wages and benefits, less interim earnings, if any." Toyota refused to comply, but its request to vacate the award was ultimately rejected in Toyota of Berkeley v. Automobile Salesmen's Union, Local 1095, 834 F.2d 751 (9th Cir.1987), cert. denied, 486 U.S. 1043 (1988), amended, 856 F.2d 1572 (9th Cir.1988).
 
 
 5
 Because the parties could not agree on the amount due Fontes under Henderson's award, a second arbitration was held, by Francis Walsh. The collective bargaining agreement provided that there must be a written submission agreement for the arbitrator. The submission statement submitted to the arbitrator in a letter from Toyota read as follows: "What damages (i.e. back pay), if any, may be awarded with respect to Mr. Fontes?" The letter went on to state, "The parties further expressly understood and agreed that any questions involving Local 1179 (i.e., its right to arbitrate or whether it is a party to an arbitration or agreement, or etc.) or the jurisdiction of the arbitrator are excluded from the submission."
 
 
 6
 Walsh awarded Fontes back pay for 46 months, 42 of which were after the collective bargaining agreement expired. He awarded Fontes $54,928 for lost wages and $4,600 in lost pension benefits. He also ordered that Toyota pay to the Trustees of the Automotive Industries Welfare Fund the amount which it would have paid for health benefits for Fontes during the relevant 46 month period.
 
 II. Standard of Review
 
 7
 We review de novo a district court grant of summary judgment affirming an arbitration award. See Sunshine Mining Co. v. United Steelworkers, 823 F.2d 1289, 1293 (9th Cir.1987). Judicial scrutiny of an arbitration award is extremely narrow. Id. We will review an arbitration award only to determine whether it " 'draws its essence' from the collective bargaining agreement." Id. " 'If, on its face, the award represents a plausible interpretation of the contract, judicial inquiry ceases and the award must be enforced. This remains so even if the basis for the arbitrator's decision is ambiguous and notwithstanding the erroneousness of any factual findings or legal conclusions.' " Stead Motors v. Automotive Machinists Lodge No. 1173, 886 F.2d 1200, 1209 (9th Cir.1989) (en banc) (quoting Sheet Metal Workers v. Arizona Mechanical & Stainless, Inc., 863 F.2d 647, 653 (9th Cir.1988)), cert. denied, 495 U.S. 946 (1990).
 
 III. Arbitrability
 
 8
 Unless the parties clearly provide otherwise, the question of whether the parties agreed to arbitrate is one for the court to decide, not the arbitrator. Brotherhood of Teamsters & Auto Truck Drivers Local No. 70 v. Interstate Distrib. Co., 832 F.2d 507, 510 (9th Cir.1987). In this case, the parties specifically reserved the question of arbitrability in their submission agreement.
 
 
 9
 A. "Back Pay "
 
 
 10
 Toyota argues that the arbitrator exceeded his authority to arbitrate the grievance by awarding Fontes benefits in addition to wages. It argues that the statement submitted to the arbitrator limited the scope of the arbitration to "back pay," and back pay refers only to wages.
 
 
 11
 The arbitrator is free to interpret the phrase "back pay" from the submission statement to include both wages and benefits, as long as such an interpretation is plausible. See Pack Concrete, Inc. v. Cunningham, 866 F.2d 283, 285 (9th Cir.1989) (holding that "an arbitrator's interpretation of the scope of the issue submitted to him is entitled to the same deference accorded his interpretation of the collective bargaining agreement"). The arbitrator's interpretation of "back pay" to include both wages and benefits is more than plausible, given that the first arbitrator's award finding that Fontes' discharge violated the collective bargaining agreement ordered that "Mr. Fontes shall be made whole in wages and benefits."
 
 B. Post-CBA Award
 
 12
 Toyota also claims that the arbitrator exceeded his authority by awarding back pay for a period that exceeded the life of the collective bargaining agreement. Toyota argues that this award cannot be sustained as a plausible interpretation of the contract because the contractual obligation to pay wages and benefits had expired.
 
 
 13
 Toyota is collaterally estopped from raising this claim. In an appeal between the same parties and interpreting the same collective bargaining agreement as in this appeal, we held that "the arbitrators could properly retain jurisdiction to award back pay after the expiration of the agreement." Toyota of Berkeley v. Local 1095 Automobile Salesmen's Union, Nos. 89-15893, 89-15945, 89-16539, 89-16540 (9th Cir. Sept. 17, 1991). Thus, this exact issue between the parties has been resolved. See Toyota of Berkeley, 834 F.2d at 753 n. 1 (applying as res judicata an unpublished memorandum deciding an arbitration dispute between Toyota and the Automobile Salesmen's Union); Operating Eng'rs Pension Trusts v. B & E Backhoe, Inc., 911 F.2d 1347, 1352-53 (9th Cir.1990) (applying collateral estoppel to bind parties to a prior judicial interpretation of the same collective bargaining agreement).
 
 
 14
 Toyota argues that collateral estoppel does not apply here because there has been an intervening change in the governing law since the first adjudication. See Montana v. United States, 440 U.S. 147, 161-62 (1979). It cites a Seventh Circuit case and several district court opinions. See Polk Bros., Inc. v. Chicago Truck Drivers, Helpers & Warehouse Workers Union, 973 F.2d 593 (7th Cir.1992). Needless to say, these cases do not represent a change in Ninth Circuit law. The law in this Circuit is the same as it has been since 1960. See United Steelworkers v. Enterprise Wheel & Car Corp., 363 U.S. 593 (1960) (upholding a post-CBA back pay award as a plausible interpretation of the collective bargaining agreement because there was nothing in the agreement limiting the back pay period to the life of the agreement); ILWU Local 142 v. Land & Constr. Co., Inc., 498 F.2d 201, 204 (9th Cir.1974) (same); see also Litton Fin. Printing Div. v. NLRB, 501 U.S. 190, 205-06 (1991) (holding that a postexpiration grievance can be said to arise under the contract where it involves facts that arose before expiration of the collective bargaining agreement).
 
 C. Substitution of Local 1179
 
 15
 Toyota claims that the arbitrator exceeded his authority by adding Local 1179 as a party to the arbitration. But it was the district court, not the arbitrator, that substituted Local 1179 for Local 1095. The district court, in affirming the arbitration award, found that Local 1095 had merged with Local 1179, ordered Local 1179 substituted in place of Local 1095, and denied Toyota's motion to vacate the award on that ground.
 
 
 16
 In a related appeal, Toyota of Berkeley, Nos. 89-15893 et seq., in which the same parties litigated the same collective bargaining agreement, we allowed Local 1179 to substitute for Local 1095. Toyota is thus collaterally estopped from raising the issue again in this appeal, and the district court order substituting Local 1179 for Local 1095 is affirmed.
 
 IV. Due Process
 
 17
 Toyota claims that the arbitrator violated unspecified principals of due process and basic fairness when it awarded benefits without prior notice to Toyota. It argues that it was denied any opportunity to collect and present evidence refuting the benefits claim. It also claims that it was deprived of due process and basic fairness because Fontes arrived at the hearing without his tax returns. Toyota argues that it was thereby deprived of the opportunity to rebut the back pay claim.
 
 
 18
 In United Paperworkers Int'l Union v. Misco, Inc., 484 U.S. 29 (1987), the Supreme Court refused to vacate a labor arbitration award even though the arbitrator refused to consider certain of the employer's evidence. It held that "when the subject matter of a dispute is arbitrable, 'procedural' questions which grow out of the dispute and bear on its final disposition are to be left to the arbitrator." Id. at 40. "The parties bargained for arbitration to settle disputes and were free to set the procedural rules for arbitrators to follow if they chose." Id. at 39; accord McKesson Corp. v. Local 150 IBT, 969 F.2d 831, 833-34 (9th Cir.1992). The standard for overturning an arbitration award on procedural grounds is affirmative misconduct by the arbitrator in the form of bad faith or gross error. Misco, 484 U.S. at 40.
 
 
 19
 Toyota's claims do not rise to the level of bad faith or gross error on the arbitrator's part. First, Toyota had notice that benefits were at issue. The first arbitration award explicitly ordered back wages and benefits, and the submission statement for the second arbitration was consistent with this award. Second, the arbitrator put forth a procedure for addressing the failure of Fontes to produce his tax returns, and both parties agreed to this procedure. As part of this agreement, the arbitrator provided Toyota an opportunity to request an additional hearing if new evidence on Fontes' tax returns became available. Toyota never requested such a hearing, nor does it now allege specific evidence that the arbitrator refused to review.
 
 V. Rule 63
 
 20
 Toyota's final argument is that the district court erred by entering judgment without certifying familiarity with the record pursuant to Federal Rule of Civil Procedure 63.
 
 
 21
 The original judge, J.P. Vukasin, Jr., issued the three-page order confirming the arbitration award on Sept. 17, 1993. He died, and judgment was entered by Thelton Henderson on Dec. 8, 1993. Judge Henderson did not certify familiarity with the record under Rule 63.
 
 
 22
 By its plain language, Rule 63 applies only where "a trial or hearing has been commenced and the judge is unable to proceed." Such is not the case here. There was no trial or hearing, thus Rule 63 certification does not apply.
 
 VI. Sanctions
 
 23
 The Union requests sanctions under Federal Rule of Appellate Procedure 38 for Toyota's frivolous appeal. While Toyota's arguments are without merit, we decline to impose such a drastic measure.
 
 
 24
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3