**PEABODY WESTERN COAL COMPANY, Plaintiff— Appellant,**

v.

**DISTRICT 22, UNITED MINE WORKERS OF AMERICA; Local Union 1620, United Mine Workers of America, Defendants—Appellees.**

No. 03–15569.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 12, 2004.

Decided May 18, 2004.

Margaret Lopez, Esq., Ogletree Deakins Nash Smoak & Stewart, Washington, DC, Pavneet Singh Uppal, Esq., Joseph T. Clees, Bryan Cave LLP, Phoenix, AZ, for Plaintiff–Appellant.

Jonathan Wilderman, Esq., Wilderman & Linnet, PC, Denver, CO, Michael J. Keenan, Esq., Ward Keenan & Barrett, PC, Phoenix, AZ, for Defendants–Appellees.

Before: B. FLETCHER, TROTT and FISHER, Circuit Judges.

## MEMORANDUM *

Peabody Western Coal Company ("Peabody") appeals the district court's judgment granting in part and denying in part the motion for summary judgment filed by United Mine Workers of America, District 22 and Local Union 1620, and ordering Peabody to enforce the terms of the arbi-

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts

trator's April 2000 award and May 2001 clarification letter. Reviewing the district court's confirmation of the arbitration award "like any other district court decision . . . accepting findings of fact that are not clearly erroneous but deciding questions of law de novo," *Coutee v. Barington Capital Group, L.P.,* 336 F.3d 1128, 1132 (9th Cir.2003), we affirm.

An arbitrator's interpretation of the scope of the issues submitted is entitled to deference, as is the arbitrator's resolution of the issues he deems submitted. *Sheet Metal Workers' Int'l Ass'n Local Union No. 359 v. Madison Indus., Inc. of Arizona,* 84 F.3d 1186, 1190 (9th Cir.1996); *Pack Concrete, Inc. v. Cunningham,* 866 F.2d 283, 285 (9th Cir.1989). Thus, "courts are not at liberty to substitute their own interpretation of the parties' submission for that of the arbitrator." *Ass'n of W. Pulp & Paper Workers, Local 78 v. Rexam Graphic, Inc.,* 221 F.3d 1085, 1089 (9th Cir.2000). Further, although the common law doctrine of *functus officio* prohibits an arbitrator from redetermining an arbitration award, *see McClatchy Newspapers v. Cent. Valley Typographical Union No. 46,* 686 F.2d 731, 734 (9th Cir. 1982), "an arbitrator *can* correct a mistake which is apparent on the face of his award, complete an arbitration if the award is not complete, and clarify an ambiguity in the award." *Id.* at 734 n. 1 (emphasis added).

For the reasons expressed by the district court, we conclude that the arbitrator did not exceed his authority in concluding that the issues submitted to him included the issue of starting time for dragline crews. We also agree with the district court that the arbitrator was not *functus officio* when he addressed this issue in his May 2001 letter because that letter merely

of this circuit except as provided by Ninth Circuit Rule 36–3.

clarified the arbitrator's ambiguous April 2000 ruling.

AFFIRMED.