**UNITED PARCEL SERVICE, INC. Plaintiff–Appellant,**

v.

**INTERNATIONAL BROTHERHOOD OF TEAMSTERS, LOCAL 174, Defendant–Appellee.**

No. 06–35686.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 7, 2008.

Filed April 11, 2008.

Bruce Michael Cross, Esq., Seattle, WA, for Plaintiff–Appellant.

David W. Ballew, Esq., Reid Pedersen McCarthy & Ballew, Seattle, WA, for Defendant–Appellee.

Before: B. FLETCHER, REINHARDT, and TASHIMA, Circuit Judges.

### MEMORANDUM *

United Parcel Service, Inc. ("UPS") appeals from an order of the district court granting summary judgment to the International Brotherhood of Teamsters, Local No. 174 on UPS's complaint seeking to vacate an arbitrator's award. We affirm the district court's order.

■ Our review of an arbitrator's award is extremely deferential. We determine *"whether* the arbitrator interpreted the collective bargaining agreement, *not* whether he did so correctly." *Hawaii Teamsters & Allied Workers Union, Local 996 v. United Parcel Serv.,* 241 F.3d 1177, 1178 (9th Cir.2001). "[S]o far as the arbitrator's decision *concerns* construction of the contract, the courts have no business overruling him because their interpretation of the contract is different from his." *Id.* at 1183 (quotations and citation omitted).

■ There is no basis for vacating the award to the extent that the parties agree upon what the arbitrator held—that UPS must cover absences of 22.3/40 employees with part-time employees in seniority order from the extra work sign-up list. The arbitrator did not disregard the plain language of the agreement when he made that ruling. His construction of "coverage" is not inconsistent with the plain meaning of that term, and his failure to quote the full provision in one part of his award does not support a conclusion that he modified the agreement. Instead, he simply elected to quote in part the contract language that he had previously quoted in full.

■ We need not resolve the parties' dispute over whether the arbitrator also decided how many part-time employees UPS must use. Even if UPS were correct that the arbitrator decided that it must use *one* part-time employee, not *two,* from the extra work sign-up list, that award would not exceed the scope of his authority. The parties expressly delegated to the arbitrator the authority to define the issue. Moreover, an arbitrator's interpretation of the issue before him is entitled to the same deference we extend to his award. *Pack Concrete, Inc. v. Cunningham,* 866 F.2d 283, 285 (9th Cir.1989). "[C]ourts are not at liberty to substitute their own interpretation of the parties' submission for that of the arbitrator." *Ass'n of W. Pulp & Paper Workers, Local 78 v. Rexam Graphic, Inc.,* 221 F.3d 1085, 1089 (9th Cir.2000). Assuming that the arbitrator decided how many employees from the extra work sign-up list UPS must use, the decision would fall easily within the scope of the issue submitted to the arbitrator.

■ Nor can we say that a decision by the arbitrator that one rather than two

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

employees must be used would be a basis for vacating the award on the ground that he ignored the parties' verbal agreement to the contrary. Even if the arbitrator made a legal error by ignoring the bargaining history on this question, such an error would not be a basis for vacating the award. *See United Paperworkers Int'l Union v. Misco, Inc.*, 484 U.S. 29, 38, 108 S.Ct. 364, 98 L.Ed.2d 286 (1987).

In sum, there is no basis for vacating the arbitrator's conclusion that the agreement required UPS to cover absences of 22.3/40 employees with part-time employees in seniority order from the extra work sign-up list. We need not decide whether he also concluded that UPS must use only one employee, rather than two, from that list as there would be no basis for vacating such a ruling. Nor do we decide whether the district court's determination on this point was correct in order to determine that it properly refused to vacate the arbitrator's award. Because the arbitrator retained jurisdiction over the implementation of his decision, should any further interpretation or clarification of his award be necessary or desirable, he has such authority, and he is in the best position to provide it.

**AFFIRMED.**