**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED NURSES OF CHILDREN'S HOSPITAL,<br><br>Plaintiff - Appellant,<br><br>v.<br><br>RADY CHILDREN'S HOSPITAL -SAN DIEGO,<br><br>Defendant - Appellee. | No. 13-56032<br><br>D.C. No. 3:12-cv-02552-BEN-BLM<br><br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Southern District of California
Roger T. Benitez, District Judge, Presiding

Submitted May 8, 2015[**]
Pasadena, California

Before: PREGERSON, TALLMAN, and NGUYEN, Circuit Judges.

United Nurses of Children's Hospital, a union representing employees at

Rady Children's Hospital San Diego ("RCHSD"), appeals the district court's

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

dismissal of its motion to confirm an arbitration award in its favor and vacatur of the remedy awarded. We have jurisdiction under 28 U.S.C. § 1291. "While we review de novo the decision to vacate or confirm an arbitration award, review of the award itself is 'both limited and highly deferential' and an arbitration award may be vacated only if it is 'completely irrational' or 'constitutes manifest disregard of the law.'" *PowerAgent, Inc. v. Elec. Data Sys. Corp.*, 358 F.3d 1187, 1193 (9th Cir. 2004) (quoting *Coutee v. Barington Capital Grp.*, 336 F.3d 1128, 1132-33 (9th Cir. 2003)). If the "arbitrator is even arguably construing or applying the contract and acting within the scope of his authority," then the arbitrator's award must be upheld. *S. Cal. Gas Co. v. Util. Workers Union of Am.*, 265 F.3d 787, 792 (9th Cir. 2001) (quoting *E. Assoc. Coal Corp. v. United Mine Workers of Am.*, 531 U.S. 57, 62 (2000)). With these principles in mind, we reverse.

1. RCHSD argues that the parties did not agree to submit the question of remedy to the arbitrator. Even assuming that this is true, the arbitrator reasonably interpreted the agreed-upon issue as impliedly encompassing the question of remedy. Section 607 of the Collective Bargaining Agreement ("CBA") grants the arbitrator the authority "to interpret, apply or determine . . . the agreed upon issue(s) submitted to him/her." According the "arbitrator's interpretation of the scope of the issue submitted to him . . . the same deference accorded his

2

interpretation of the collective bargaining agreement," *Pack Concrete, Inc. v. Cunningham*, 866 F.2d 283, 285 (9th Cir. 1989), we conclude that the arbitrator reasonably interpreted the submitted issue to encompass the question of what remedy would be imposed if he found that the termination was without just cause. *See Schoenduve Corp. v. Lucent Techs., Inc.*, 442 F.3d 727, 733 (9th Cir. 2006) ("The scope of the arbitrator's jurisdiction extends to issues not only explicitly raised by the parties, but all issues implicit within the submission agreement.").

2. Section 607 grants the arbitrator the authority "to interpret, apply or determine compliance with the express language of" the CBA and "to interpret, apply or determine . . . the agreed upon issue(s) submitted to him/her." RCHSD interprets the word "and" as limiting the arbitrator's authority to only issues that both concern the express language of the CBA and that the parties have agreed to submit to the arbitrator. However, the CBA may reasonably be interpreted to provide two distinct grants of authority, namely, to determine compliance with the CBA *and*, independently, to determine the agreed-upon issues submitted to him. Imposing a remedy for wrongful discharge fits neatly within the arbitrator's first grant of authority to "interpret, apply or determine compliance" with the CBA because the CBA prohibits RCHSD from discharging covered employees without just cause and generally confers on the arbitrator authority to impose "make

3

whole" remedies.  Therefore, even if we assume that the parties did not impliedly submit the question of remedy to the arbitrator, the arbitrator could still impose a remedy under § 607 of the CBA.

**REVERSED.**